BYE, Circuit Judge,
concurring.
I fully endorse our analysis and conclusions in resolving this appeal. I write to reiterate the district court’s findings of fact which Pediatric I left undisturbed and *934 which therefore continue to inform the law of the case. See Pediatric Specialty Care, Inc. v. Ark. Dep’t of Human Servs., 293 F.3d 472, 479 (8th Cir.2002) (“Upon review of the entire record, we find that the district court’s factual findings regarding CHMS services are not clearly erroneous.”).
First, CHMS clinics are the sole providers of early intervention day treatment services in the state of Arkansas. Id. at 481. Second, “therapy services not provided in conjunction with CHMS day treatment services will not result in the maximum reduction of [recipients’] developmental disabilities or restoration of their best functional level, as is mandated by § 1396d(a)(13)” of the Medicaid Act. Id. at 479. It follows non-CHMS providers lack the capacity to provide the combination of day treatment and therapy services so as to satisfy the statutory mandate.
On the other hand, CHMS clinics do provide such a combination of services. Id. Consequently, while the Arkansas Department of Human Services (ADHS) can theoretically comply with its statutory mandate by providing CHMS-ii&e services through any provider, in practice ADHS must continue using CHMS clinics themselves, at least until such a time as other similarly equipped providers become available. See id. at 481 (“Because CHMS clinics are the only providers of early intervention day treatment, Arkansas must reimburse those clinics.”). In turn, any study of ADHS’s proposal to shift services off-plan will necessarily evaluate the impact on CHMS clinics and their ability to continue providing day treatment and therapy services in a manner that complies with the statutory mandate.
In summary, § 1396d(a)(13) imposes certain requirements on ADHS, and only CHMS clinics provide day treatment and therapy services meeting those requirements. To comply with the injunction here affirmed and also stay within its statutory mandate, therefore, ADHS must study the impact of its proposal on CHMS clinics.